UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES FREEMAN** | : | **CIVIL ACTION NO. 2:13-cv-1919** |
| FED. REG. #23560-034 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for the writ of *habeas corpus* filed by *pro se* petitioner James Freeman ("petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the Federal Corrections Institution in Yazoo City, Mississippi.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

**A.    Proceedings in Eastern District of Louisiana**

On January 27, 2005, petitioner was indicted for two counts of drug related offenses in the United States District Court for the Eastern District of Louisiana.[1] *United States v. Freeman*, Dkt. No. 2:05-cr-29, doc. 1 (E.D. La. 2005). On March 9, 2005, petitioner pleaded guilty to both

---

[1] Specifically, petitioner was charged with one count of conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine hydrochloride, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D), and 846. *United States v. Freeman*, Dkt. No. 2:05-cr-29, doc. 1 (E.D. La. 2005). The second count was for possession with the intent to distribute 500 grams or more of cocaine hydrochloride, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(D), and 846. *Id.*

counts pursuant to a written plea agreement. *Id.*, doc. 12. As part of the plea agreement, petitioner admitted that he had previously been convicted of felony crack-cocaine possession in 1993. *Id.* doc. 13, p. 5. This prior conviction enhanced the mandatory minimum penalties on both counts. *Id*. Based on the sentencing enhancement, the court sentenced petitioner to two hundred and forty months on the first count and one hundred and twenty months on the second count, sentences to run concurrently. *Id.*, doc. 19. Petitioner did not directly appeal his sentence. Doc. 4, p. 2.

On June 29, 2007, Freeman filed a motion in the original criminal proceeding to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his counsel had been ineffective. *United States v. Freeman*, Dkt. No. 2:05-cr-29, doc. 23 (E.D. La. 2005). The court denied the motion as untimely [*id.*, doc. 26] and also denied petitioner a certificate of appealability. *Id.*, doc. 32. The Fifth Circuit likewise denied petitioner a certificate of appealability on August 6, 2009. *Id.*, doc. 36.

On August 26, 2009, Freeman filed an application for the writ of *coram nobis*[2] in the Eastern District. *Id.*, doc. 38. The court construed the filing as a motion for leave to file a second or successive motion to vacate under 28 U.S.C. § 2255. *Id.*, doc. 39. The motion was transferred to the Fifth Circuit which subsequently instructed petitioner to file documentation in support of his motion. *Id.*, doc. 41. Freeman failed to comply with the Fifth Circuit's order resulting in the denial of the court's authorization to file a successive petition under § 2255. *Id.*, doc. 43.

On May 3, 2010, petitioner filed a motion in the Eastern District requesting retroactive application of the recently amended sentencing guidelines for crack-cocaine offenses. *Id.*, doc. 44. The court denied the motion on June 4, 2010. *Id.*, doc. 45. Petitioner appealed this

---

[2] The writ of *coram nobis* is an extraordinary remedy, traditionally used to attack a conviction with continuing consequences once the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255. *United States v. Dyer*, 136 F.3d 417 (5th Cir. 1998).

decision, and the Fifth Circuit affirmed. *Id.*, doc. 61.  Finally, The U.S. Supreme Court denied petitioner's application for a writ of certiorari.  *Id.*, doc. 63.

### B.     *Habeas* Applications in the Western District of Louisiana

On May 30, 2012, petitioner filed an application for the writ of *habeas corpus* in this court pursuant to 28 U.S.C. § 2241, in which he alleged that his sentence was unconstitutional based on ineffective assistance of counsel.  *Freeman v. Young*, Dkt. No. 2:12-cv-1433, doc. 1 (W.D. La. 2012).  On February 5, 2013, this court denied the application with prejudice, on the grounds that the application was more appropriately characterized as a motion to vacate under 28 U.S.C. § 2255 and that petitioner failed to satisfy the "savings clause" of § 2255.  *Id.*, docs. 2, 5.

Petitioner has again filed a *habeas* application in this court.  Doc. 4.  He now alleges that, pursuant to the recent United States Supreme Court decision in *Dorsey v. United States*, 132 S.Ct. 2321, 2331 (2012), he is entitled to a reduction of his sentence because the predicate offense used for his sentence enhancement was a crack-cocaine conviction. Doc. 4, pp. 6–7.  He argues that crack-cocaine convictions are now subject to the more lenient penalty guidelines established by the Fair Sentencing Act of 2010 ("the FSA"), and as such his 1993 conviction cannot form the predicate offense necessary for a sentence enhancement under 21 U.S.C. § 851 .  Doc. 4, pp. 6–7.  Petitioner also contends that he is entitled to pursue his claims as a *habeas* application under 28 U.S.C. § 2241 because he has established the requisite elements of the savings clause of 28 U.S.C. § 2255.

## II. LAW AND ANALYSIS

*Habeas corpus* applications filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Conversely, a motion to vacate sentence under 28 U.S.C. § 2255 allows a

federal prisoner to collaterally attack the legality of a conviction or sentence. *Cox., Warden Fed. Det. Ctr.*, 911 F.2d 1111, 1113. (5th Cir. 1990). Here, the petition attacks the legality of petitioner's incarceration based on sentencing errors. Since petitioner contests errors occurring at sentencing and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *See Warren*, 230 F.3d at 694.

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Here petitioner's contention that he is entitled to a reduction in his sentence based on *Dorsey* and the FSA is incorrect. The Supreme Court held in *Dorsey* that the FSA's more lenient penalties apply to those offenders whose crimes preceded the FSA's effective date of August 3, 2010, but who are sentenced after that date. *Dorsey v. United States*, 132 S.Ct. 2321, 2336

(2012). Here, petitioner was convicted and sentenced before the FSA's effective date, and the holding in *Dorsey* is therefore inapplicable.

In any event, the *Dorsey* court did not hold that possession of crack-cocaine is a non-existent offense. The FSA sought to narrow the disparity between sentences for crack cocaine and powder cocaine; it did *not* decriminalize crack cocaine or invalidate all prior convictions relating to it. Furthermore, nothing in the *Dorsey* opinion or the FSA suggests that a prior crack-cocaine conviction cannot serve as a predicate offense for purposes of a sentence enhancement. Accordingly, petitioner's reliance on the FSA and *Dorsey* is misplaced.

Because petitioner fails to demonstrate that a retroactively applicable Supreme Court decision establishes that he was convicted of a nonexistent offense, or that his claim was foreclosed by circuit law at time when it should have been raised previously, he fails to satisfy the savings clause of § 2255 and may not avail himself of § 2241 relief. Therefore, the instant petition must be dismissed for lack of jurisdiction.

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons:

**IT IS RECOMMENDED** that petitioner's application for the writ *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following**

**the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE